J. LABON CHILDRE, *Plaintiff in Error*, VS. STATE OF FLORIDA, *Defendant in Error.*

143 So. 309.

Division A.

Opinion filed August 2, 1932.

*J. Harvey Robillard*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

BUFORD, C.J.—In this case the plaintiff in error was convicted of the crime of assault with intent to rape alleged to have been committed on a woman thirty-eight years of age who had been married, but was then divorced.

In the record there is no corroboration of her testi-

mony as to the alleged assault, although it was alleged to have happened between two and three o'clock in the afternoon on a deck roof of a building in which there were a number of other people.

The preponderance of the evidence is to the effect that no such assault occurred. After the conviction, motion for a new trial was filed one of the grounds of which was newly discovered evidence. Affidavits were presented in support of this ground of the motion for new trial which showed that the accused or his counsel had discovered after the trial that there were a number of witnesses whose affidavits were filed in support of the motion who would testify that the general reputation of the woman who was alleged to have been assaulted, and upon whose testimony the State relied entirely, was bad; that she was habitually intoxicated, was immoral and more or less of an adventuress. It is apparent that had the evidence adducible from these witnesses been introduced upon the trial the testimony of the witness for the State upon whom the State relied for a conviction would have been entirely discredited.

Probably there are few cases in which a new trial should be granted because of newly discovered evidence consisting only of evidence as to the bad character and reputation of a witness. In a case like this, however, where the State relies upon the uncorroborated testimony of one witness to prove a charge which is easy to make and hard to negative, and where the evidence upon the trial shows, as it did show in this case, that such witness is, to say the least, careless in her habits, and that the alleged assault occurred while she was under the influence of intoxicating liquor imbibed by her at a general drinking party of which she was one of the heaviest drinkers, such newly discovered evidence becomes most relevant and material.

Under the facts as disclosed by the record and the showing made as to the alleged newly discovered evidence, it was error to overrule the motion for new trial.

For the reasons stated, the judgment is reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.